## COHEN v RUDNICKA

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 9965. Decided November 11, 1929

Messrs. Vickery & Vickery, Cleveland, for Cohen.

Mr. Reuben Shapiro, Cleveland, for Rudnicka.

MIDDLETON, P. J. & MAUCK, J. (4th Dist) sitting with SULLIVAN, J., (8th Dist)

MAUCK, J.

There is no question that the plaintiff was struck and seriously injured by the defendant's automobile, about 9:00 o'clock in the evening on East 71st Street in the city of Cleveland. She was crossing the street when struck. Admittedly she was crossing East 71st St., and according to the claim of the defendant she was, at the time, crossing Ottawa Road. There are ordinances in the city of Cleveland prohibiting one crossing a street in a diagonal direction and from crossing two streets at one time and it is now urged that the plaintiff was violating those ordinances and that the trial court erroneously refused to submit to the jury an interrogatory designed to elicit a special finding to the effect that she was crossing two streets at one time. There is no real doubt as to how and where the plaintiff was crossing the street and it only remains to be determined whether she was crossing at a place which the ordinance covers. The locale is easily understood by examining the plat that was in evidence but its description by words is somewhat awkward.

East 71st Street runs north and south. It is 38 feet wide from curb to curb. There is a street called Ottawa Road coming into East 71st Street from the east. It is 38.7 feet wide and 24 feet from curb to curb. This Ottawa Road does not cross East 71st Street. There is another Ottawa Road running west from East 71st Street. It is 49.5 feet wide and 26 feet from curb to curb. This Ottawa Road on the west side begins at a point south of the termination of the other Ottawa Road. The center of the road on the west side is about 29 feet south of the center of the road on the east side; the south property line on the west side is about 33 feet south of the south property line of the road on the east side; the north curb on the road on the west is about on a line with the outer line of the sidewalk on the south side of the road east of East 71st St. This situation is set forth to show that Ottawa Road does not cross East 71st Street but that on one side of East 71st Street that road ends and on the other side another Ottawa Road begins.

Now the plaintiff was undertaking, at the time of her injury, to cross East 71st Street from the east to the west side. The sidewalk on the east side was about six feet south of the sidewalk on the west side but this slight deviation from a straight line was not within the terms of the ordinance denouncing crossing in a diagonal direction, nor of the ordinance relating to the crossig of two streets at one time. Our conclusion in this respect disposes

of the claim of the defendant to a judgment on the ground that the plaintiff was violating an ordinance in crossing where she did and the further complaint regarding the refusal of the trial court to submit an interrogatory designed to bring a finding that she was crossing at a place prohibited by ordinance.

The further claim that plaintiff was guilty of contributory negligence as a matter of law in not keeping a lookout as she proceeded across the street, is fully met by **Trentman vs Cox, 118 OS. 247.**

The other questions in the case are not impressive. The witness Jablonski owned a car and had ridden in it but had not driven it. No reason is apparent why he was not competent to express an opinion as to the speed of the defendant's car.

The offer to introduce a statement signed but unread by him for the purpose of discrediting him was properly refused, nor was it error to refuse a continuance for the sole purpose of getting a witness that it was hoped might impeach him.

There is nothing in the record warranting a reversal.

Middleton, PJ., of the 4th District and Sullivan, J. of the 8th District, concur.